IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


JOSE R. NEGRON RODRIGUEZ, et al

**Plaintiff(s)**

v.                                    CIVIL NO. 98-2240 (JAG)

PEDRO TOLEDO, et al

**Defendant(s)**

---

OPINION AND ORDER

Plaintiffs have brought a civil rights action under 42 U.S.C. § 1983 and 1988, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and various state laws, seeking monetary damages for alleged constitutional violations. Defendants Pedro Toledo Dávila, Jorge Hernández Colón, Angel L. Vélez Rivera and Sergio Calderón Marrero (collectively, "defendants") have filed separate motions for summary judgment, alleging that plaintiffs Jose Negrón Rodríguez, Leonor Ortiz Marrero, Zuleyka Negrón Ortiz, Zuleyka Rodríguez Ortiz, José Negrón Ortiz and Jessica Ocasio Ocasio (collectively, "plaintiffs") have failed to establish their respective claims. Plaintiffs have not opposed the motions. After reviewing the record, the Court grants defendants' motions.

PROCEDURAL AND FACTUAL BACKGROUND

On November 2, 1997, plaintiffs filed a Complaint asserting violations stemming from the alleged illegal search and seizure of




AO 72A
(Rev.8/82)



Civil No. 98-2240 (JAG)

their residence. The uncontested facts[1] can be summarized as follows: on November 3, 1997, while investigating an unrelated complaint, defendant Lugo Montalvo, who worked as an investigative agent at the Puerto Rico Department of Justice's Drugs and Narcotics Division, saw a car pull over in front of a restaurant. A woman got out of the car and handed over a plastic bag containing a white powder to a man who had emerged from the restaurant. When the car stopped at a gas station, Lugo Montalvo walked toward the car and saw a leather ladies' bag and a nickeled barrel weapon beneath it. Based on his 25 years of experience, Lugo Montalvo concluded that the incidents he had witnessed were a violation of the Puerto Rico Weapons Act and the Controlled Substance Act. He then sought a search warrant.

On November 4, 1997, Lugo Montalvo appeared before Municipal Judge Luisa M. Colon. On the basis of Lugo Montalvo's affidavit, Judge Colon issued a warrant authorizing the search of plaintiffs's residence.

On November 5, 1997, at approximately 5:30 a.m., the authorities executed the search warrant on plaintiffs's residence in Corozal.

---

[1]     Since plaintiffs have violated this Court's "anti-ferret" rule by failing to file a Statement of Contested Material Facts, the facts contained in defendants' Statement of Uncontested Material Facts are deemed admitted. Unless otherwise noted, the facts contained in this section are culled from the Statement of Uncontested Material Facts. See Local Rule 311.12; Morales v. Orssleff's Eftf, 246 F.3d 32, 33 (1st Cir. 2001).

2

Civil No. 98-2240 (JAG)

Defendants Calderon Marrero, Velez Rivera and Lugo Montalvo entered the residence in search of drugs and firearms, as stated in the search warrant.  When plaintiff Negron Ocasio opened the door, the officers identified themselves and showed him the search warrant. The authorities then searched the house pursuant to the provisions of the search warrant.

The search uncovered a weapon (similar to the one described by agent Lugo Montalvo in his affidavit) with an expired license.  The weapon was registered in plaintiff Rodriguez's name.  The search was conducted routinely, without violence or force.

In the Complaint, plaintiffs allege that defendants violated their civil rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Defendants have moved for summary judgment (Docket Nos. 37, 61).  The motions are unopposed.

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material "if, under applicable substantive law, it may affect the outcome of the case."

3

Civil No. 98-2240 (JAG)

The moving party must first demonstrate "an absence of evidence to support the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 325. Then the nonmoving party has to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). To prevail, the moving party need only point to the absence of evidence supporting the nonmoving party's case. <u>Id.</u>

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement *will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.*" (Emphasis supplied.) The First Circuit has consistently upheld the validity of Local Rule 311.12. <u>See</u>, <u>e.g.</u>, <u>Morales</u> v. <u>Orssleff's Eftf</u>, 246 F.3d 32, 33 (1st Cir. 2001); <u>Rivas</u> v. <u>Federacion de Asociaciones Pecurias</u>, 929 F.2d 814, 816 n.2 (1st Cir. 1991).

As noted earlier, plaintiffs have failed to oppose the summary judgment motions. As a result, plaintiffs have failed to comply with the so-called "anti-ferret rule," as they have not presented a concise statement of material facts as to which there is a genuine issue to be tried. The Court is not required to "ferret through the

4

Civil No. 98-2240 (JAG)

record" lurking for facts that may favor plaintiffs when those facts
were not proffered under a counterdesignation of facts as required by
Local Rule 311.12.  Morales, 246 F.3d at 33. "When a party opposing
a motion for summary judgment fails to comply with the 'anti-ferret
rule,' the statement of material facts filed by the party seeking
summary judgment [shall be] deemed ... admitted." Mendez-Marrero v.
Toledo, 968 F. Supp. 27, 34 (D.P.R. 1997); Tavarez v. Champion
Prods., Inc., 903 F. Supp. 268, 270 (D.P.R. 1995).

      Here, plaintiffs took the risk "to sit idly by and allow the
summary judgment proponent to configure the record." Kelly v. United
States, 924 F.2d 355, 358 (1st Cir. 1991). Although the plaintiffs's
failure to provide a statement of contested material facts does not
automatically warrant the granting of summary judgment, "it launches
[their] case down the road towards an easy dismissal." Mendez-
Marrero, 968 F. Supp. at 34. Since all material facts in
defendants's statement of uncontested material facts are deemed
admitted, the Court need only examine whether, given the uncontested
facts, defendants are entitled to judgment as a matter of law.

A.    The § 1983 Claim and Other Federal Constitutional Claims

      In order to prevail on a § 1983 claim and other federal
constitutional claims, plaintiffs must establish: (1) that the
conduct complained of was committed by a person acting "under color
of state law," see Gomez v. Toledo, 446 U.S. 635, 640 (1980); (2)

AO 72A
(Rev.8/82)

Civil No. 98-2240 (JAG)

that the defendants's conduct "deprived plaintiff[s] of rights, privileges or immunities secured by the Constitution or laws of the United States, see Voutour v. Vitale, 761 F.2d 812, 819 (1st Cir. 1985); and (3) that a causal connection exists between the defendants' actions and the alleged deprivation. See Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997). The state officials's actions must reflect a reckless or deliberate indifference toward the plaintiffs's constitutionally protected rights. See Landol-Rivera v. Cruz-Cosme, 906 F.2d 791, 796 (1st Cir. 1990).

Here, plaintiffs have failed to establish a causal connection between the defendants's conduct and the alleged constitutional deprivations. The record shows that defendants acted within the framework of their authority and that they did not negligently or intentionally violate plaintiffs's constitutional rights. Given the uncontested facts, plaintiffs cannot show that the allegations contained in the Lugo Montalvo affidavit were fabricated, false, or that defendants used excessive force in executing the search.

Nor is liability appropriate upon Lugo Montalvo's superiors under the doctrine of supervisory liability. Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989). "Supervisory liability attaches only if plaintiff can demonstrate by material of evidentiary quality an affirmative link between the supervisor's conduct and the underlying section 1983 violation." Maldonado-Denis v. Castillo-

6

Civil No. 98-2240 (JAG)

<u>Rodriguez</u>, 23 F.3d 576, 583 (1st Cir. 1994).   One of the most important factors in determining whether a supervisor is liable (to the extent he has encouraged, condoned or been deliberately indifferent to a subordinate's behavior) is whether the official was put on notice of behavior that was likely to result in the violation of constitutional rights.   <u>Febus-Rodriguez</u> v. <u>Betancourt-Lebron</u>, 14 F.3d 87, 93 (1st Cir. 1994).   Plaintiffs have failed to make that showing here.

    1.   <u>Search and Seizure</u>

In assessing whether a search pursuant to a warrant was conducted properly, the Court must weigh the need to search or seize against the invasion the search or seizure entails.   <u>Lopez-Lopez</u> v. <u>Aran</u>, 844 F. 2d 898, 905 (1st Cir. 1988).   "The components of the balancing test are: (1) the gravity of the public concerns served by the seizure; (2) the degree to which the seizure advances the public interest; (3) the severity of the interference with individual liberty."   <u>Salas-Garcia</u> v. <u>Perez</u>, 777 F. Supp. 137, 149 (D.P.R. 1991).   An application of the balancing test to the facts in this case leads to the conclusion that the search was reasonable.   First, the authorities executed the search and seizure pursuant to a properly issued warrant.   Moreover, the search and seizure was directed at weapons and drugs which were reasonably believed to be kept at plaintiffs' residence.   The public interest in seizing

7

Civil No. 98-2240 (JAG)

illegal and controlled substances and weapons is great.    The
interference with individual liberty, according to the uncontested
facts, was limited to that which enabled the authorities to carry out
the search detailed in the warrant.

Plaintiffs allege that Lugo Montalvo's affidavit was based on
false or inaccurate information, but provide little more than
unsupported speculation to support their assertion.    That is not
enough to impugn the validity of the search warrant - much less so
given the uncontested record.    Plaintiffs have not proffered any
evidence to support their allegation that Lugo Montalvo knowingly
falsified and fabricated the information supplied in his affidavit.
United States v. Valerio, 48 F.3d 58, 62 (1st Cir. 1995).
Defendants's conduct in complying with the validly issued warrant was
reasonable.    Accordingly, the federal law claim under § 1983 must be
dismissed.[2]

_____

   [2]    Plaintiffs also allege, in generalized fashion, that the
defendants used excessive force, but fail to present specific
evidence to support their allegation.    "Citizens do not have a
constitutional right to courteous treatment by the police.  Verbal
harassment and abusive language while unprofessional and inexcusable,
are simply not sufficient to state a constitutional claim under §
1983." Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987).
Plaintiffs have failed to show that defendants used excessive force
upon them during the execution of the search and seizure.

AO 72A
(Rev.8/82)

Civil No. 98-2240 (JAG)

B.    Qualified Immunity

Given the uncontested facts, the defendants are shielded from liability in any event by the doctrine of qualified immunity.  The Eleventh Amendment bars suits in federal court against states by individuals.   Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997).  Qualified immunity shields government officials  from civil damages for performing discretionary functions "insofar as their conduct does not violate clearly established rights of which a reasonable person would have known."    Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).[3] The relevant question is whether a reasonable official could have believed his actions were lawful in light of "clearly established law and the information the official possessed at the time of his allegedly unlawful conduct." McBride v. Taylor, 924 F.2d 386, 389 (1st Cir. 1991).  The rule focuses on the objective reasonableness of the official's conduct, and the inquiry turns on the particular facts of the case. Harlow, 457 U.S. at 818.   Given the uncontested facts, it is not clearly established that the

_____

[3]    Harlow involved an action for violations of constitutional rights against federal agents under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The analysis of a qualified immunity defense, however, is identical for actions brought under § 1983 and Bivens.  See Abreu-Guzman v. Ford, 241 F.3d 69, 73 (1st Cir. 2001).

AO 72A
(Rev.8/82)

Civil No. 98-2240 (JAG)

defendants's actions would constitute a deprivation of federal
constitutional rights.[4]

C.    State Law Claims

Since the federal claims have been dismissed, the Court declines
to exercise supplemental jurisdiction over the state law claims. See
28 U.S.C. § 1367.  They should be dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendants's motions
for summary judgment.  Judgment will enter dismissing the plaintiffs'
federal civil rights claims with prejudice.  The state claims shall
be dismissed without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of July, 2001.

JAY A. GARCIA-GREGORY
U.S. District Judge

---

[4] Similarly, the defendant supervisors are entitled to qualified
immunity.  See Aponte Matos v. Toledo Davila, 135 F.3d 182 (1st Cir.
1998).

10