## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JOSE R. NEGRON RODRIGUEZ, et al.

    **Plaintiff(s)**

    v.

PEDRO TOLEDO, et al.

    **Defendant(s)**

CIVIL NO. 98-2240 (JAG)

---

### ORDER

Pending before the Court is plaintiffs's motion pursuant to Rule 59 and 60 of the Federal Rules of Civil Procedure. (Docket Nos. 80, 81.) Plaintiffs ask the Court to alter or amend its judgment, entered on July 26, 2001, based on plaintiffs's counsel failure to meet the Court-imposed deadlines. Id. at 2-3.

The factual background underlying this motion shows that on May 26, 2000, defendants filed a motion for summary judgment.[1] (Docket No. 37.) On September 18, 2000, plaintiffs filed a motion seeking an enlargement of time until October 31, 2000 to oppose the summary judgment motion. (Docket No. 53.) On November 3, 2000, plaintiffs requested a further extension of time until December 1, 2000 to oppose the summary judgment motion. (Docket No. 59.)

---

[1] Defendant Lugo-Montalvo separately filed a motion for summary judgment on November 21, 2000. (Docket No. 61.)



On December 6, 2000, defendants filed their first motion asking the Court to adjudicate their as-yet unopposed motion for summary judgment. (Docket No. 63.) The Court did not act on that motion. On January 24, 2001, plaintiffs filed a motion seeking an extension of time until February 15, 2001 to file their opposition. (Docket No. 66.) On March 8, 2001, the Court deemed the motion moot, as the requested deadline had already elapsed, and granted the plaintiffs until March 27, 2001 to file their opposition. (Docket No. 71.) Plaintiffs filed no further requests for extensions of time following the expiration of the March 27, 2001 deadline. In the meantime, defendants filed two motions requesting adjudication of their unopposed summary judgment motion. (Docket Nos. 73, 75.)

On July 26, 2001, almost four months after the expiration of the latest deadline to oppose defendants's summary judgment motion, the Court issued an Opinion and Order granting the motion and dismissing the Complaint with prejudice. (Docket No. 78.) On August 8, 2001, plaintiffs filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 and 60. (Docket No. 80.)

It is essential that a court's deadlines be followed in order to allow for the proper management of the court's caseload. See, e.g., Rosario-Díaz v. González, 140 F.3d 312, 315-16 (1st Cir. 1998); Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990); Nieves Domenech v. Dymax Corp., 952 F. Supp. 57, 61-62 (D.P.R.

Civil No. 98-2240 (JAG)                                                              3

1996). The Court is aware of plaintiffs's counsel personal situation and has tried to be lenient when imposing Court deadlines. At the same time, the Court is beset with a mounting workload of its own, and, as a result, it must rely on its officers to comply with Court-imposed deadlines and move cases forward expeditiously. Here, the record shows that the Court afforded plaintiffs an opportunity to oppose the summary judgment motions almost a year after their filing. Moreover, the Court withheld a ruling on the pending motions until almost four months had elapsed after the expiration of the last Court-imposed deadline. Accordingly, the Court denies plaintiffs's motion. See Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)("a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines").

   IT IS SO ORDERED.

   In San Juan, Puerto Rico, this 7th day of May, 2002.

                                          _____
                                          JAY A. GARCIA-GREGORY
                                          U.S. District Judge